## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**ALEXANDER L. KAPLAN and**
**DENISE A. KAPLAN,**

       **Plaintiffs,**

**V.**                                 **Case No:  2:11-CV-574-FtM-UASPC**

**AMTRUST BANK, LENTZ**
**APPRAISAL GROUP, INC.,**
**GARRETT A. LAW and SUSAN K.**
**LAW**

       **Defendants.**

_____/

## <u>ORDER</u>

This matter comes before the Court on the Defendant, Federal Deposit Insurance Corporation's (FDIC) Motion to Stay (Doc. #32) filed on May 2, 2012.  The Plaintiff objected to the Motion but never filed a response in opposition and the time to do so has now expired.

The Plaintiff has asserted claims against the Defendant Amtrust Bank and the FDIC as receiver for conduct committed by Amtrust during the closing on some property purchased by the Plaintiff.  On December 4, 2009, the FDIC was appointed as the Receiver for Amtrust Bank by the Office of Thrift Supervision.  A receiver was appointed because Amtrust no longer had the funds to cover its outstanding loans.

As grounds for the stay, the Defendant states that the Plaintiff is an unsecured debtor against the remaining assets of Amtrust Bank.  On April 30, 3011, the Board of Directors of the

1

FDIC made a formal determination that insufficient assets exist in the receivership to make a distribution on general unsecured claims.  The FDIC argues, in its Motion to Dismiss, that the Plaintiff's claim is an unsecured claim therefore, worthless.  Thus, the Defendant argues that the case filed by the Plaintiff should be dismissed on prudential mootness grounds because the Plaintiff can never recover on his claim.

Without making a determination on the merits of the Defendant's prudential mootness claim, a preliminary peek at the Defendant's Motion to Dismiss shows that it has merit.  As such, the Court finds good cause to grant the stay for ninety (90) days while the District Court considers the merits of the Motion to Dismiss.

Accordingly, it is now **ORDERED:**

The Defendant, Federal Deposit Insurance Corporations Motion to Stay (Doc. #32) is **GRANTED up to and including August 22, 2012.**

(1) The Defendant may file a renewed Motion to Stay with the Court at the end of this Stay unless the District Court rules on the Motion to Dismiss.

(2) Should the District Court deny the Motion to Dismiss, the Parties shall file a new Case Management and Scheduling Report with suggested dates and deadlines within fourteen (14) days of the District Court's Order.

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd Day of May, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record

2